FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 28 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA,

- against -

JEFF RALPH OBREGON,

Defendant.
------------------------------------------------------- x

**MEMORANDUM & ORDER**

No. 06-CR-415-2 (RJD)

RAYMOND J. DEARIE, District Judge

On July 31, 2008, Jeff Ralph Obregon pled guilty to conspiring to import heroin in violation of 21 U.S.C. §§ 963, 952(a), and 960(b)(2)(A). At sentencing on August 25, 2009, this Court determined a total offense level of 28 and a criminal history category of III, resulting in a custodial guideline range of 97 to 121 months. The Court sentenced Mr. Obregon to 120 months custody and 5 years supervised release, with 5 years of the sentence to run concurrently and 5 years to run consecutively with a sentence imposed by the District of Maryland.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses. Amendment 782 generally reduces the offense levels for drug offenses by two levels. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. While Amendments 782 and 788 are "effective" November 1, 2014, a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG § IBI.10(e)(1). However, subsection (e)(1) does not preclude this Court from conducting resentencing proceedings or

entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10, cmt. 6.

Mr. Obregon filed an application for a sentence reduction pursuant to Amendment 782 on April 20, 2015. The Probation Department made a submission to the Court and the parties, indicating its assessment that Mr. Obregon is eligible for a sentencing reduction under Amendments 782 and 788. The Government responded on July 24, 2015, concurring in the Probation Department's assessment and indicating that the Government does not object to a limited sentence reduction.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court must engage in a 'two-step approach.'" United States v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). At step one, the court "must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013). "If, and only if, a defendant is eligible for a reduction in sentence . . . then the second step of the analytical framework . . . requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 560 U.S. at 827). In determining whether a reduction is warranted and the extent of any such reduction, the court may also

consider the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii).

Applying this two-step approach, the Court is persuaded that a reduction in Mr. Obregon's sentence is warranted. First, Mr. Obregon is eligible for a sentence reduction under Amendments 782 and 788 as his base offense level at the time of sentencing was grounded on § 2D1.1 of the Sentencing Guidelines. Had Amendment 782 been in effect at the time of Mr. Obregon's sentencing, his total offense level would have been 26 instead of 28, and the Sentencing Guidelines range for his sentence would have been 78 to 97 months instead of 97 to 121 months. Consequently, Mr. Obregon's term of imprisonment may, in the Court's discretion, be reduced to as low as 78 months, the minimum of the amended Sentencing Guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A).

Second, consideration of the applicable § 3553(a) factors weighs in Mr. Obregon's favor. In contemplating the nature and circumstances of the offense and the history and characteristics of Mr. Obregon, as well as the need to protect the public from further crimes of this defendant, the Court notes that Mr. Obregon was not convicted of a violent offense. See 18 U.S.C. § 3553(a)(1), (2). Mr. Obregon does have some violence in his past, but it occurred almost 20 years ago and his (relatively) more recent criminal conduct was non-violent and concerned controlled substances. As already noted, the Court may also consider post-sentencing conduct in determining whether a reduction is warranted. According to the submission from the Probation Department, Mr. Obregon has had no disciplinary incidents while incarcerated. Additionally, during his lengthy incarceration he has taken numerous steps to prepare himself for a life after prison, such as earning his GED and taking over 35 educational programs. The Court therefore concludes, after balancing the § 3553(a) factors, that a sentence reduction is warranted.

3

Without a reduction in sentence, Mr. Obregon is projected to be released from prison on June 23, 2017. In lieu of resentencing Mr. Obregon to a term of imprisonment between 78 and 97 months (which would end before November 1, 2015), the Court sentences Mr. Obregon to time-served, effective November 1, 2015. See USSG § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); United States v. Monk, No. 06-CR-642-1 (NGG), 2015 WL 1800236, at *3 (E.D.N.Y. Apr. 16, 2015) (reducing defendant's sentence under Amendment 782 to a period of time-served). This sentence reduction is conditioned upon Mr. Obregon not engaging in behavior constituting assault or violence during the remainder of his incarceration.

SO ORDERED.

Dated: Brooklyn, New York
August 27, 2015

                                          s/RJD
                                      RAYMOND J. DEARIE
                                      United States District Judge